UNITED STATES DISTRICT COURT
For the
DISRICT OF MAINE

| | |
|---|---|
| CANAL INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| W.M. JR. TRUCKING COMPANY and ) | Civil Action No. _____ |
| HUBER ENGINEERED WOODS, LLC, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and JEFFREY and JOSEPH NICHOLS, ) | |
| Personal Representatives of the Estate of ) | |
| JOSEPH SYLVESTER NICHOLS, of ) | |
| Fort Fairfield, County of Aroostook, ) | |
| State of Maine, ) | |
| ) | |
| Parties-In-Interest. ) | |

## COMPLAINT

Plaintiff, Canal Insurance Company, hereby complains against Defendants as follows:

### I. JURISDICTION AND VENUE

1.      Plaintiff Canal Insurance Company is a corporation incorporated under the laws of the State of South Carolina having its principal place of business in the State of South Carolina.

2.      Defendant W.M. Jr. Trucking Company is a corporation incorporated under the laws of the State of Maine having its principal place of business in the State of Maine.

3.      Defendant Huber Engineered Woods, LLC is a corporation incorporated under the laws of the State of Delaware and having its principal place of business in the State of North Carolina.

4. Party-In-Interest Jeffrey Nichols is a resident of Presque Isle, Maine and Party-In-Interest Joseph Nichols is a resident of Fort Valley, Georgia.

5. Joseph Sylvester Nichols was a resident of Fort Fairfield, Maine as of June 17, 2005.

6. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

7. Named as parties in this action are all persons, natural or otherwise, who have claimed an interest that would be affected by the declarations sought herein.

8. There is now existing between the parties an actual justiciable controversy with respect to which Canal Insurance Company requires a declaration of its rights and responsibilities by this Court.

9. This Court has jurisdiction over the subject matter of this controversy pursuant to 14 M.R.S.A. §§ 5951, *et seq*.

10. All pertinent events, acts, or omissions giving rise to this action occurred within the State of Maine. Accordingly, venue is properly laid in this district pursuant to 28 U.S.C. § 1391(a)(2).

## II. COUNTS OF THE COMPLAINT

### COUNT I

### DECLARATORY JUDGMENT

1. Canal Insurance Company issued Basic Automobile Liability Policy #457099 (hereinafter, the "automobile policy") listing W.M. Jr. Trucking Company as a named insured,

with said policy bearing an inception date of November 14, 2004 and a cancellation date of November 14, 2005 (hereinafter, the "policy period").

2. During the policy period, on June 17, 2005, Joseph Sylvester Nichols, an employee of W.M. Jr. Trucking Company, sustained fatal injuries, in the course of his employment, at Huber Engineered Woods, LLC's Easton, Maine plant.

3. On or about July 28, 2006, Huber Engineered Woods, LLC notified W.M. Jr. Trucking Company and Canal Insurance Company of a Notice of Claim, demanding that W.M. Jr. Trucking Company and Canal Insurance Company defend and indemnify Huber Engineered Woods, LLC in relation to any claims arising out of Joseph Sylvester Nichols' June 17, 2005 injury.

4. On or about September 11, 2006, the Parties-In-Interest commenced a civil action against Huber Engineered Woods, LLC in Maine Superior Court, Aroostook County, which was docketed as CV-06-142 (hereinafter the "Maine Complaint").  An accurate copy of the Complaint is attached hereto as Exhibit A.

5. The Maine Complaint alleges three counts against Huber Engineered Woods, LLC: wrongful death, survivor claim, and punitive damages.

6. Canal Insurance Company has refused to defend and indemnify either Huber Engineered Woods, LLC or W.M. Jr. Trucking Company with respect to the Maine Complaint.

7. The automobile policy provides liability coverage for "bodily injury" caused by an "occurrence" that results in injury during the policy period and is subject to several exclusions.

8. The liability coverage provided under the automobile policy is subject to exclusion (a) for any "liability assumed by the insured under any contract or agreement."

9. The liability coverage provided under the automobile policy is subject to exclusion (b) for any "obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law."

10. The liability coverage provided under the automobile policy is subject to exclusion (c), which excludes coverage for "bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury."

11. In this instance, W.M. Jr. Trucking Company, as the named insured, is the only insured on the automobile policy

12. Further, there is no coverage under the policy for the injuries sustained by Joseph Sylvester Nichols on June 17, 2005.

13. Therefore, Canal Insurance Company has no duty to defend or indemnify either W.M. Jr. Trucking Company or Huber Engineered Woods, LLC with regard to any causes of actions, including those in the Maine Complaint, arising out of the injuries sustained by Joseph Sylvester Nichols on June 17, 2005.

WHEREFORE, the Plaintiff Canal Insurance Company respectfully requests that this Court enter a judgment declaring that 1) W.M. Jr. Trucking Company is the only insured on the automobile policy, 2) the automobile policy contains no coverage for the injuries sustained by Joseph Sylvester Nichols on June 17, 2005 and, 3) there is no obligation on the part of Canal Insurance Company to defend or indemnify either W.M. Jr. Trucking Company and Huber Engineered Woods, LLC with regard to any causes of actions, including those in the Maine Complaint, arising out of the injuries sustained by Joseph Sylvester Nichols on June 17, 2005.

Dated at Portland, Maine, this 6th day of March, 2008.

/s/ James M. Bowie
James M. Bowie

/s/ Hillary J. Bouchard
Hillary J. Bouchard

**THOMPSON & BOWIE**     **Attorneys for the Plaintiff**
Three Canal Plaza
P. O. Box 4630
Portland, ME  04112
(207) 774-2500
jbowie@thompsonbowie.com
hbouchard@thompsonbowie.com