UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CANAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>W. M. JR TRUCKING COMPANY, *et al.*, )<br>)<br>Defendant. ) | Civ. No. 8-76-B-W |

**RECOMMENDED DECISION**

This case is a declaratory judgment action brought to obtain a judicial determination of whether Huber Engineered Woods, LLC has insurance coverage under a policy Canal Insurance Company issued.  It arises out of a wrongful death action currently pending in the Maine Superior Court wherein Huber has been sued for negligence.  The decedent was an employee of W. M. Jr. Trucking who went to Huber's manufacturing mill in Easton, Maine to pick up a load of Huber products and fell while loading the truck.  He died several days later from injuries received in the fall.  W. M. Jr. Trucking had entered into a transportation contract with Huber whereby the trucking company agreed to transport loads of Huber products interstate and agreed to obtain liability insurance and to ensure that Huber was named as an additional insured under the liability insurance policy.  The trucking company agreed to defend and indemnify Huber for any actions arising from its relationship with its own employees.  Canal Insurance Company provided the trucking company with an automobile liability insurance policy.

Huber has requested that Canal defend and indemnify it in the Maine lawsuit, but Canal has refused to do so and instead filed this action against W. M. Jr. Trucking,

Huber, and the employee's estate seeking a declaration that it has no duty to defend or indemnify Huber.  The fly in the ointment is that at the same time[1] Canal filed this declaratory action in Maine, Huber filed a complaint against Canal in the Superior Court of North Carolina alleging breach of contract and bad faith arising from Canal's failure to defend and indemnify Huber in the Maine state lawsuit.  Huber has now filed a motion to dismiss and/or to abstain from hearing this action in favor of the North Carolina court resolving the matter.  I now recommend the Court grant the motion to dismiss and/or abstain in part, and stay any further action on this complaint until the North Carolina court has issued a final judgment in the action now pending before it.

## The Legal Standard

The United States Supreme Court has held that the standard governing a district court's decision whether to proceed with an action brought under the Declaratory Judgment Act is highly discretionary and vests this Court with far greater discretion than the "exceptional circumstances" test set forth in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).  The determinative question for the Court in exercising such discretion is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."  Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995) (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942)).  This determination may require the Court "to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary

---

[1] Canal filed this action on March 6, 2008.  Huber filed a complaint against Canal in North Carolina on March 4, 2008.  The North Carolina court scheduled a hearing for June 4, 2008, on Huber's motion for a preliminary injunction asking the Court to enjoin Canal from prosecuting this action.  Neither side has reported the result to this Court.  Also pending in North Carolina is Canal's motion to dismiss the complaint, alleging varying grounds in addition to the coverage issue.

parties have been joined, whether such parties are amendable to process in that proceeding, etc." Brillhart, 316 U.S. at 495.

The Declaratory Judgment Act, 28 U.S.C. § 2201, is discretionary. El Dia, Inc. v. Hernandez, 963 F.2d 488, 493 (1st Cir. 1992) (stating that the Act "neither imposes an unflagging duty upon the courts to decide declaratory judgment actions nor grants an entitlement to litigants to demand declaratory remedies").  Therefore, "[c]onsistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking declaratory judgment." Wilton, 515 U.S. at 288.  With respect to instances in which there is "parallel" litigation pending in a state court, the Court, in the exercise of discretion, must consider "the totality of the circumstances" and the "nexus between the two suits." Chedester v. Town of Whately, 279 F. Supp. 2d 53, 57 (D. Mass. 2003).

## Discussion

Canal argues against the dismissal of this case on two principal grounds.  The first is that the substantive law of Maine will be applicable to this policy and this Court, rather than the North Carolina state court, would be better suited to make determinations regarding the policy's coverage.  Second, because Huber is unable to join the estate in the North Carolina case due to lack of personal jurisdiction, whatever decision this Court makes about coverage will not be binding on the estate and, theoretically, Canal could be subject to a reach-and-apply action in Maine pursuant to 24-A M.R.S. § 2904 should the estate obtain a judgment against Huber.  Finally, Canal urges the Court, should it find dismissal or abstention to be warranted, to stay the action rather than allowing an outright dismissal at this point in time because there is currently pending in North Carolina a

3

motion to dismiss that raises several grounds for dismissal independent of any coverage issue.

Canal's first objection raises the same issue addressed by the court in <u>Atlas Copco Construction Tools, Inc. v. Allied Construction Products LLC</u>, 307 F. Supp. 2d 228 (D. Mass. 2004). The Court in <u>Atlas</u> declined to issue a declaratory judgment interpreting the parties' contract where the same action was pending in Ohio state court, <u>id</u>. at 234, finding that it was not in a "significantly better position" to interpret Massachusetts state law than was an Ohio state court. <u>Id.</u> at 233. This case, like that one, involves a purely state law question of contract interpretation; there is no uniquely federal question arising in the context of this litigation. I agree with Huber that there is no theoretical basis upon which to make a determination that this Court is better able to apply Maine law than is the North Carolina Superior Court.

Canal's second argument raises the possibility that the estate, if it obtains a judgment against Huber in the Maine state court action, might then proceed to use Maine's reach-and-apply statute to subject Canal to additional litigation in Maine state courts. I consider this possibility extremely remote, but I do think the addition of the estate as a party-in-interest, although not a necessary party to the underlying contract dispute between Huber and Canal, does add a dimension to this litigation that is obviously lacking in the North Carolina suit.[2] Their presence in this lawsuit underscores the obvious Maine connection vis-à-vis the factual predicate that gave rise to this lawsuit

---

[2] I consider the addition of W. M. Jr. Trucking Company to this litigation to have no significance to this analysis. They have defaulted, they have not been sued in the state court action by the estate, and their presence or absence from this litigation and/or the North Carolina litigation is not significant to the determination the court is called upon to make. To the extent there may be discovery problems associated with W. M. Jr. Trucking, those problems might be easier to address in the context of this suit, but neither side has spoken directly to the issue.

and the importance that the resolution of this coverage question has to the underlying lawsuit.  Having the estate named as a party-in-interest ensures that it will be bound by whatever decision this Court reaches and therefore eliminates even the remote possibility that it might attempt to reach Canal post-judgment through a reach-and-apply action.  On the other hand, by bringing the estate into the litigation at this point in time Canal's tactics run contrary to the Law Court's dicta in Foremost Insurance Co. v. Levesque, 2007 ME 96, ¶ 2 n.1, 926 A.2d 1185, 1186, n.1, which admonishes that bringing actions that relate only to the duty to indemnify forces insureds or in this case third parties such as the estate to incur the costs of duplicative litigation.  The estate's interest in this litigation will only arise after it has obtained judgment against Huber, if that ever happens.  Nevertheless, the estate has been properly joined as a party and would be bound by whatever decision this Court reaches, giving this action some minimal advantage in that regard over the North Carolina proceeding.  However, by staying the action pending resolution of the North Carolina case, this Court retains the flexibility to ultimately enter a judgment binding on all parties while hopefully causing minimal disruption to ongoing litigation in Maine and in North Carolina.

Currently pending in North Carolina is a motion for a preliminary injunction that would bar Canal from pursuing this litigation.  A hearing on the motion was held on June 4, 2008, and presumably a decision will be forthcoming shortly.  Additionally, Canal says it has filed substantive motions to dismiss raising issues other than the coverage issue.  If this matter is stayed rather than dismissed from our docket, this Court will be in a position to respond quickly to any renewed request to lift the stay brought by any of the parties, including the estate, should the posture of the other litigation change.  The court

that could have provided the best answer to this question is the Maine state court where the underlying action is now pending, but neither party chose to avail itself of that option and instead the parties are now subject to the expense of parallel litigation in this Court and North Carolina. The coverage issue can be determined in its entirety in the North Carolina court and this Court can exercise its discretion to refrain from moving forward with this case until that matter has been resolved or there has been some other substantial change in the parties' positions warranting a reconsideration of the stay.

## Conclusion

Based upon the foregoing, I recommend the motion to dismiss/abstain be granted in part and this action be stayed pending final judgment in the North Carolina state action. In the event circumstances change, any party to this action may move to have the stay lifted based upon a substantial change in circumstances.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the District Court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

July 1, 2008